JOHN JOSEPH VACCARELLA     \*     NO. 2021-CA-0115

VERSUS     \*     COURT OF APPEAL

LISA DANSFLOR     \*     FOURTH CIRCUIT
VACCARELLA

    \*     STATE OF LOUISIANA

    \*

    \*

\* \* \* \* \* \* \*

*SCJ*
**JENKINS, J., DISSENTS WITH ASSIGNED REASONS**

I respectfully dissent. In consideration that the record before this Court does not include an original filing of the peremptory exception of prescription purportedly filed in the trial court by defendant, Lisa Vaccarella, I would vacate the trial court's September 23, 2019 judgment granting the exception.

A peremptory exception of prescription must be specially pleaded in a written motion filed into the record. *See* La. C.C.P. art. 927(B); La. C.C.P. art. 3452; *dela Vergne v. dela Vergne*, 99-0364, pp. 14-15 (La. App. 4 Cir. 11/17/99), 745 So.2d 1271, 1278. As noted in this Court's October 26, 2021 order, the record is lacking the written motion pleading the exception of prescription filed into the trial court record by appellee. Therefore, this Court ordered appellee to show cause in writing why the trial court's judgment granting the exception of prescription should not be vacated for the lack of a written motion. Further, this Court stated, "[t]he appellee should take the appropriate action to have the Clerk of Court for the St. Bernard 34th Judicial District Court supplement the record with the filed motion, if it exists."

In response to this Court's order, appellee filed in the trial court a "Request for Motion and Order Directing the Clerk of Court to Supplement the Record …". The pleading sought for the Clerk of Court to supplement the appeal record with

1

the exception of prescription, "a copy of which is attached hereto as Exhibit A *in globo*." The copy of the exception of prescription attached to appellee's pleading is not an original filing from the trial court record, it is only a copy of a pleading. I also note that there is no service instruction and the attached order to set the matter for hearing is unsigned, which raises more questions for me as to whether this exception was filed in the trial court record and served on opposing counsel prior to the hearing.[1] Following the request by appellee to supplement the record with the pleading, the trial court judge signed an order to supplement and the Clerk of Court supplemented the record with the copy of the exception provided by appellee, marked "Exhibit A", and stamped as filed on November 5, 2021. Thus, the record has been supplemented with an exhibit that purports to be a copy of an original pleading, but the record still lacks an original filing of the exception of prescription. I do not accept the appellee's supplementation of this record as appropriate compliance with the Court's order.

In consideration of the foregoing, I find that the record does not reflect that appellee filed a written exception of prescription in the trial court prior to the hearing and the trial court's judgment granting the exception. Moreover, because an exception of prescription must be specially pled, cannot be raised orally, and cannot be supplied by the trial court, I find that this Court must vacate the trial court's September 23, 2019 judgment and remand the matter.

---

[1] In fact, appellant's brief states, "[i]t is noteworthy that the exception of prescription was raised orally, and in that consequence, the parties were given no opportunity to brief the issue."